Scileppi, J.
On May 24, 1968 the defendant pleaded guilty to criminal possession of a dangerous drug in the fourth degree. After the court’s acceptance of the plea, the clerk stated to the defendant: “ The Court has just read a medical report which certifies you to be a narcotic addict. You have a right to admit, deny or to stand mute that you are a narcotic addict. If you deny or stand mute, you have a right to a hearing before the Court to determine whether or not you are a narcotic addict. How do you say, are you a narcotic addict? ” The defendant answered in the affirmative.
At the time of the admission of addiction the allocution given to the defendant was in all respects proper since at that time section 208 of the Mental Hygiene Law merely provided that the defendant was entitled to a hearing without a jury on the question of his addiction and an allocution informing him of that right. The Legislature, however, after our decision in People v. Fuller (24 N Y 2d 292) (and after the allocution given in the instant case), amended section 208 (L. 1969, ch. 809, eff. *100 May 22, 1969) to provide for a jury trial on the issue of addiction and an allocution with respect to such right. The defendant argues that since we gave Fuller retroactive application in People v. Donaldson (25 N Y 2d 38), it necessarily follows that we must also, in effect,, give retroactive application to the allocution portion of the amendment to section 208 since the defendant, never having been informed of his right to a jury trial on the question of his addiction, could not intelligently waive that right. It is our opinion that this argument is untenable.
In deciding Donaldson and its companion cases we stated: “ These three cases require a determination as to whether our recent decision in People v. Fuller (24 N Y 2d 292 [decided April 10, 1969]) should be applied only prospectively to addiction hearings held after the date of its decision or whether it should be applied retroactively to those ‘ criminal addicts ’ whose hearings took place prior to that decision and without an opportunity for a jury trial. We conclude that Fuller should be given retroactive effect.” (supra, at pp. 40-41; emphasis added).
It is clear from Donaldson that Fuller only gave a criminal addict the right to a jury trial on the question of his addiction when a hearing was requested and had. Where, however, such as in the instant case, the defendant after being informed that he has the right to a hearing freely admits his addiction with the aid of counsel, he is in effect stating that no judicial inquiry is necessary and, therefore, it is irrelevant whether that inquiry would have been made with or without a jury.
Of course the allocution accorded this defendant having been given on May 24, 1968, we need not reach the question of any possible deprivation of equal protection since noncriminal addicts did not receive an allocution informing them of their right to a jury trial until June 16, 1968 (Mental Hygiene Law, § 206, subd. 4, par. a).
Defendant’s second argument is that section 208 (subd. 5) of the Mental Hygiene Law is violative of the Eighth and Fourteenth Amendments’ prohibition against cruel and unusual punishment in that it subjects him to criminal punishment for addiction: Suffice it to say that this argument was considered and rejected in People v. Fuller (supra, at p. 303) and the defendant has not raised any new arguments or cited any new *101 or relevant authority which would indicate to us that our determination in Fuller was erroneous.
Accordingly, the order of the Appellate Division should he reversed and the judgment of conviction should be reinstated.
Judges Bergan, Breitel and Jases concur with Judge Scileppi; Chief Judge Fuld and Judges Burke and Gibson dissent and vote to affirm on the opinion at the Appellate Division.
Order reversed and the judgment of Supreme Court, Bronx County, reinstated.